# EXHIBIT A

**BARSHAY, RIZZO & LOPEZ, PLLC**
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
*Attorneys for Plaintiff*
Our File No.: BRL21159

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION

| | |
|---|---|
| Joseph Ciccone, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC,<br><br>Defendants. | Case No: 2:21-cv-02428-JS-AKT<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiff Joseph Ciccone, individually and on behalf of all others similarly situated, by and through the undersigned counsel, complains, states, and alleges against defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC as follows:

**INTRODUCTION**

1. This is an action to recover damages for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (the "FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1337 and 15 U.S.C. § 1692k(d). The Court has supplemental jurisdiction of any state law claims pursuant to 28 U.S.C. §1367.

1

3. This court has jurisdiction over defendants Cavalry Portfolio Services, LLC and Cavalry SPV I, LLC because they regularly conduct and transact business in this state, and the conduct complained of herein occurred in this Judicial District.

4. Venue is proper in this Judicial District under 28 U.S.C. § 1391(b) because a substantial part of the conduct complained of herein occurred in this Judicial District.

## PARTIES

5. Plaintiff Joseph Ciccone ("Plaintiff") is a natural person who is a citizen of the State of New York residing in Suffolk County, New York.

6. Plaintiff is a "consumer" as that term defined by 15 U.S.C. § 1692a(3).

7. Defendant Cavalry Portfolio Services, LLC ("CPS") is a company existing under the laws of the State of New York, with its principal place of business in Valhalla, New York.

8. CPS has transacted business within this state as is more fully set forth hereinafter in this Complaint.

9. CPS regularly collects or attempts to collect debts asserted to be owed to others.

10. CPS is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

11. The principal purpose of CPS's business is the collection of such debts.

12. CPS uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

13. CPS is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14. Defendant Cavalry SPV I, LLC ("SPV") is a company existing under the laws of the State of New York, with its principal place of business in Valhalla, New York.

15. SPV has transacted business within this state as is more fully set forth hereinafter in this Complaint.

2

16. SPV regularly collects or attempts to collect debts asserted to be owed to others.

17. SPV is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

18. The principal purpose of SPV's business is the collection of such debts.

19. SPV uses instrumentalities of interstate commerce, including telephones and the mails, in furtherance of its debt collection business.

20. SPV is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

21. The acts of Defendants as described in this Complaint were performed by Defendants or on Defendants' behalf by their owners, officers, agents, and/or employees acting within the scope of their actual or apparent authority. As such, all references to Defendants in this Complaint shall mean Defendants or their owners, officers, agents, and/or employees.

## FACTUAL ALLEGATIONS

22. Defendants allege that SPV purchased a defaulted consumer debt originally owed by Plaintiff to Citibank, N.A totaling $3,264.91 ("the alleged Debt").

23. The alleged Debt does not arise from any business enterprise of Plaintiff.

24. The alleged Debt is a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

25. At an exact time known only to Defendants, SPV decided to hire CPS to attempt to collect the alleged Debt on SPV's behalf.

26. As part of its utilization of CPS, SPV conveyed information regarding the alleged Debt to CPS.

27. The information conveyed by SPV to CPS included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

3

28. SPV's conveyance of the information regarding the alleged Debt to CPS is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

29. In its efforts to collect the alleged Debt, CPS decided to contact Plaintiff by written correspondence.

30. Rather than preparing and mailing such written correspondence to Plaintiff on its own, CPS decided to utilize a third-party vendor to perform such activities on its behalf.

31. As part of its utilization of the third-party vendor, CPS conveyed information regarding the alleged Debt to the third-party vendor.

32. The information conveyed by CPS to the third-party vendor included Plaintiff's status as a debtor, the precise amount of the alleged Debt, the entity to which Plaintiff allegedly owed the debt, among other things.

33. CPS's conveyance of the information regarding the alleged Debt to the third-party vendor is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

34. The third-party vendor then populated some or all this information into a prewritten template, printed, and mailed the letter to Plaintiff at CPS's direction.

35. That correspondence, dated May 6, 2020, was received and read by Plaintiff. (A true and accurate copy of that correspondence (the "Letter") is annexed hereto as "**Exhibit 1**.")

36. The Letter, which conveyed information about the alleged Debt, is a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

### FIRST COUNT
### As to SPV
### Violation of 15 U.S.C. § 1692c(b) and § 1692f

37. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

4

38. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

39. CPS does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

40. Plaintiff never consented to SPV's communication with CPS concerning the alleged Debt.

41. Plaintiff never consented to SPV's communication with CPS concerning Plaintiff's personal and/or confidential information.

42. Plaintiff never consented to SPV's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

43. Upon information and belief, SPV has utilized CPS for these purposes thousands of times.

44. SPV utilizes CPS in this regard for the sole purpose of maximizing its profits.

45. SPV utilizes CPS without regard to the propriety and privacy of the information which it discloses to CPS.

46. SPV utilizes CPS with reckless disregard for the harm to Plaintiff and other consumers that could result from SPV's unauthorized disclosure of such private and sensitive information.

47. SPV violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to CPS.

48. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

5

49. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

50. SPV disclosed Plaintiff's private and sensitive information to CPS.

51. SPV violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to CPS.

52. For the foregoing reasons, SPV violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

**SECOND COUNT**
As to CPS
**Violation of 15 U.S.C. § 1692c(b) and § 1692f**

53. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

54. 15 U.S.C. § 1692c(b) provides that, subject to several exceptions not applicable here, "a debt collector may not communicate, in connection with the collection of any debt," with anyone other than the consumer "without the prior consent of the consumer given directly to the debt collector."

55. The third-party vendor utilized by CPS does not fall within any of the exceptions provided for in 15 U.S.C. § 1692c(b).

56. Plaintiff never consented to CPS's communication with the third-party vendor concerning the alleged Debt.

57. Plaintiff never consented to CPS's communication with the third-party vendor concerning Plaintiff's personal and/or confidential information.

58. Plaintiff never consented to CPS's communication with anyone concerning the alleged Debt or concerning Plaintiff's personal and/or confidential information.

6

59. Upon information and belief, CPS has utilized the third-party vendor for these purposes thousands of times.

60. CPS utilizes the third-party vendor in this regard for the sole purpose of maximizing its profits.

61. CPS utilizes the third-party vendor without regard to the propriety and privacy of the information which it discloses to the third-party vendor.

62. CPS utilizes the third-party vendor with reckless disregard for the harm to Plaintiff and other consumers that could result from CPS's unauthorized disclosure of such private and sensitive information.

63. CPS violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

64. 15 U.S.C. § 1692f provides that a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

65. The unauthorized disclosure of a consumer's private and sensitive information is both unfair and unconscionable.

66. CPS disclosed Plaintiff's private and sensitive information to the third-party vendor.

67. CPS violated 15 U.S.C. § 1692c(b) when it disclosed information about Plaintiff's alleged Debt to the third-party vendor.

68. For the foregoing reasons, CPS violated 15 U.S.C. §§ 1692c(b) and 1692f and is liable to Plaintiff therefor.

## THIRD COUNT
### As to Both Defendants
### Violation of 15 U.S.C. §§ 1692e and 1692e(10)

69. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

70. 15 U.S.C. § 1692e provides, generally, that a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

71. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt.

72. A debt collection practice can be a "false, deceptive, or misleading" practice in violation of 15 U.S.C. § 1692e even if it does not fall within any of the subsections of 15 U.S.C. § 1692e.

73. A collection letter violates 15 U.S.C. § 1692e if, in the eyes of the least sophisticated consumer it is open to more than one reasonable interpretation, at least one of which is inaccurate.

74. A collection letter also violates 15 U.S.C. § 1692e if, it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

75. The Letter states, "Cavalry is offering 35% discount to you."

76. The Letter fails to state whether the Cavalry entity mentioned refers to CPS or SPV.

77. Knowing the identity of the entity offering a settlement, so that it may be held accountable if the settlement offer is not honored, is a material piece of information to a consumer.

78. The Letter can be interpreted by least sophisticated consumer to mean that CPS is offering the settlement.

79. The Letter can also be interpreted by least sophisticated consumer to mean that SPV is offering the settlement.

8

80. The least sophisticated consumer reading the Letter would be left to wonder about a material term of the offer.

81. As a result of the foregoing, in the eyes of the least sophisticated consumer the Letter is open to more than one reasonable interpretation, at least one of which is inaccurate.

82. Because the Letter is open to more than one reasonable interpretation by least sophisticated consumer it violates 15 U.S.C. §§ 1692e and 1692e(10).

83. Because the Letter is reasonably susceptible to an inaccurate reading by the least sophisticated consumer, it violates 15 U.S.C. §§ 1692e and 1692e(10).

84. For the foregoing reasons, Defendants violated 15 U.S.C. §§ 1692e and 1692e(10) and is liable to Plaintiff therefor.

## CLASS ALLEGATIONS

85. Plaintiff brings this action individually and as a class action on behalf of all consumers similarly situated in the United States.

86. Plaintiff seeks to certify three classes of:

> i. All consumers where SPV sent information concerning the consumer's debt CPS without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.
>
> ii. All consumers where CPS sent information concerning the consumer's debt to a third-party vendor without obtaining the prior consent of the consumer, which disclosure was made on or after a date one year prior to the filing of this action to the present.
>
> iii. All consumers to whom Defendants sent a collection letter substantially and materially similar to the letter sent to Plaintiff, which letter was sent on or after a date one year prior to the filing of this action to the present.

87. This action seeks a finding that Defendants' conduct violates the FDCPA and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

9

88. The Class consists of more than thirty-five persons.

89. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this action affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

90. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

91. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class is not extraordinarily difficult, and the factual and legal issues raised by this action will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

92. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment be entered as follows:

a. Certifying this action as a class action; and

b. Appointing Plaintiff as Class Representative and Plaintiff's attorneys as Class Counsel; and

10

c. Finding Defendants' actions violate the FDCPA; and

d. Awarding damages to Plaintiff and the Class pursuant to 15 U.S.C. § 1692k; and

e. Awarding Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k, calculated on a "lodestar" basis; and

f. Awarding the costs of this action to Plaintiff; and

g. Awarding pre-judgment interest and post-judgment interest to Plaintiff; all together with

h. Such other and further relief that the Court determines is just and proper.

DATED: May 6, 2021



**BARSHAY, RIZZO & LOPEZ, PLLC**

By: s/ *David M. Barshay*
David M. Barshay, Esquire
445 Broadhollow Road | Suite CL18
Melville, New York 11747
Tel: (631) 210-7272
Fax: (516) 706-5055
Our File No.: BRL21159
*Attorneys for Plaintiff*

11



PO Box 520
Valhalla, NY 10595

Phone: (866) 434-2995
www.cavps.com

May 6, 2020

RE: Original Institution: Citibank, N.A.
Original Account No.: XXXXXXXXXXXX5167
Cavalry Account No.: ▇▇▇5057
Current Creditor: Cavalry SPV I, LLC
Amount of Debt Owed: $3264.91

Joe Ciccone
43 Allanwood Dr
Shirley, NY 11967-4005

Cavalry is offering a **35%** discount to you. That's right, you can resolve your account by simply choosing one of the following payment options listed below:

| 1 payment of $2122.19 | 9 monthly payments of $235.79 | 18 monthly payments of $117.89 |

This offer expires 06/05/2020.
Please note we are not obligated to renew this offer.

Please feel free to visit our website at www.cavps.com or call us at **(866) 483-5139** to discuss this or other payment options available at Cavalry.

Sincerely,

Christine Acosta
Cavalry Portfolio Services, LLC

---

**THIS IS AN ATTEMPT TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A DEBT COLLECTOR. SEE REVERSE SIDE FOR ADDITIONAL IMPORTANT INFORMATION CONCERNING YOUR RIGHTS.**

---

**PAYMENT COUPON**

Joe Ciccone
43 Allanwood Dr
Shirley, NY 11967-4005



Please detach and return this portion with the payment to the address below.
Make Checks and Money Orders Payable to
**Cavalry Portfolio Services, LLC.**
If you would like to make a payment via our secure website, please visit us at www.cavps.com

**Cavalry Portfolio Services, LLC**
PO Box 27288
Tempe, AZ 85285-7288

**Original Institution:** Citibank, N.A.
**Original Account No.:** XXXXXXXXXXXX5167
**Cavalry Account No.:** ▇▇▇5057
**Balance Due:** $3264.91



SIF_LTR
CVN.wfd
784928
00006512
1 of 2

## Notice of Important Rights

We are required by law to notify consumers of the following rights. This list does not include a complete list of rights consumers have under state and federal laws.

**In California:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

The California Consumer Privacy Act requires that we inform you that we collect the following categories of personal information from consumers for the business purpose of servicing accounts and collecting debts: 1) Identifiers (such as name; Address; Social Security number; online identifiers; email address; and other similar identifiers); 2) Audio (such as call recordings and other similar information); 3) Financial Information (such as bank account information; debit card information; credit card information; and other similar financial information); 4) Commercial Information (such as records of property, products or services purchased or other similar information); 5) Internet or other Electronic Network Activity Information (such as information regarding your interaction with our websites and other similar information); 6) Professional or Employment Information (such as employment information or other similar information). For more information, or to access this notice in a different format, please see our Privacy Policy at www.cavalryportfolioservices.com/PrivacyNotice.

**IN COLORADO:** A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. Our in-state office address and telephone number is 8690 Wolff Court, Suite 110, Westminster, CO 80031, (303) 920-4763.

**IN MASSACHUSETTS:** NOTICE OF IMPORTANT RIGHTS. YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST BY WRITING TO THE DEBT COLLECTOR. You may contact us by telephone at (866) 483-5139 between 9:00 am and 5:00 pm Eastern Time Monday-Friday or in writing at 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340.

**IN MINNESOTA:** THIS COLLECTION AGENCY IS LICENSED BY THE MINNESOTA DEPARTMENT OF COMMERCE.

**In New York City:** This collection agency is licensed by the New York City Department of Consumer Affairs. The license numbers are 1143718, 1126502, 1126497, and 1126494.

**In Tennessee:** This collection agency is licensed by the Collection Service Board, State Department of Commerce and Insurance.

**In Utah:** As required by Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**In North Carolina:** This collection agency is licensed by the North Carolina Department of Insurance. The license numbers are 3824, 3910, 3911, and 3912. Its true name is Cavalry Portfolio Services, LLC. Its true addresses are: (a) 4050 Cotton Center Boulevard, Building 2, Suite 20, Phoenix, Arizona 85040; (b) 500 Summit Lake Drive Suite 400 Valhalla, NY 10595-1340; (c) 4500 South 129th East Ave, Suite 165, Tulsa, Oklahoma 74134; and (d) 1611 County Rd B W, Suite 306, Roseville, MN 55113.

For account questions, comments, or general customer service, you may contact us at (866) 434-2995 Monday through Thursday 9am to 9pm Eastern Time, Friday 9am to 5pm Eastern Time, Saturday 9am to 1pm Eastern Time, or you may write us at 500 Summit Lake Drive, Suite 400, Valhalla, NY 10595-1340.