UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 1:21-CV-22820

CAROLYN RUSSELL,

      Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC,

      Defendant.
_____/

**JOINT MOTION TO CONDUCT SCHEDULING CONFERENCE REMOTELY**

Plaintiff Carolyn Russell ("Plaintiff") and Defendant Cavalry Portfolio Services, LLC ("ERC") jointly file this Motion to Conduct Scheduling Conference Remotely and, in support thereof, submits the following as establishing *good cause* for purposes of conducting the conference *via* remote means:

1. On August 6, 2021, this Court entered an order requiring the counsel to meet in person to conduct a scheduling conference pursuant to Local Rule 16.1(b).

2. The Centers for Disease Control and Prevention ("CDC") has updated the guidelines for people that are fully vaccinated, stating: "[t]o maximize protection from the **Delta variant** and prevent possibly spreading it to others, wear a mask indoors in public if you are in an area of substantial or high transmission." (emphasis added).[1]

---

[1] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/fully-vaccinated.html

3. In light of the *highly infectious* Delta variant, of which has caused the CDC to, once again, advise that *everyone* (including those already vaccinated for COVID-19) "wear a mask indoors in public," Plaintiff's counsel does not consider in-person conferences to be safe or otherwise *more productive than* a videoconference under the current circumstances.

4. Additionally, and most critically, the undersigned counsel for Cavalry Portfolio Services, LLC, has been medically ordered to self-quarantine as of August 24, 2021—the same day the parties planned to conduct the Scheduling Conference *in person*—due to close contact with an individual who has tested positive for COVID-19. Accordingly, the Parties opted to conduct the Scheduling Conference remotely, *via* telephonic means, in the abundance of caution instead.

5. Conducting the Local Rule 16.1(b) conference by remote means, either video conference or teleconference, will not diminish the effectiveness of the conference.

6. Counsel for the parties have litigated on numerous occasions against one another. As such, counsel have already discussed the legal and factual issues presented in this matter as well as the timing necessary to complete discovery and present the claims to the Court for disposition.

WHEREFORE, the parties respectfully request that this Court allow the parties to hold their Local Rule 16.1(b) conference by teleconference or video conference.

Respectfully submitted,

| | |
|---|---|
| */s/* Thomas J. Patti | */s/* Christopher Patrick Hahn |
| **Jibrael S. Hindi, Esq.** | **Christopher Patrick Hahn, Esq.** |
| Florida Bar No. 118259 | Maurice Wutscher LLP |
| Email: jibrael@jibraellaw.com | 2255 Glades Road, Suite 324A |
| **Thomas J. Patti, III, Esq.** | Boca Raton, FL 33431 |
| Florida Bar No. 118377 | Phone: 772-237-3410 |

Email: tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
Phone: 954-907-1136
Fax: 855-529-9540

*Counsel for Plaintiff*

Fax: 866-581-9308
Email: chahn@MauriceWutscher.com

*Counsel for Defendant,*