**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cv-22820-JEM

CAROLYN RUSSELL,

    Plaintiff,

v.

CAVALRY PORTFOLIO SERVICES, LLC,

_____/

**RESPONSE IN OPPOSITION TO
DEFENDANT'S MOTION TO TRANSFER PURSUANT TO THE "FIRST-FILED" RULE**

Plaintiff Carolyn Russell ("Plaintiff") submits this Response in Opposition to the Motion to Transfer Pursuant to the "First-Filed" Rule [D.E. 6] (the "Motion to Transfer") filed by Defendant Cavalry Portfolio Services, LLC ("Defendant").

### 1.    INTRODUCTION

Defendant seeks to transfer Plaintiff's case to the Eastern District of New York because an uncertified nationwide class action[1] -- of which seeks to resolve *all* of Defendant's liability created in the wake of the Eleventh Circuit's opinion in Hunstein[2] -- was filed there first.

Setting aside the curious fact that **[1]** Hunstein is only binding in the Eleventh Circuit, **[2]** Hunstein is the *only* decision which created pervasive liability under 15 U.S.C. § 1692c(b) for debt collectors, and **[3]** *only* the Eastern District of New York[3] has found that plaintiffs lack Article III

---

[1] Ciccone, et. al. v. Cavalry Portfolio Services, LLC, et. al., 2:21-cv-2428-JS-ATK ("Ciccone").

[2] Hunstein v. Preferred Collection & Mgmt. Servs., 994 F.3d 1341, 1348 (11th Cir. 2021)

[3] In re FDCPA Mailing Vendor Cases, Civil Action No. 21-2312, 2021 U.S. Dist. LEXIS 139848, at *21-22 (E.D.N.Y. July 23, 2021) (holding that, "[n]one of the plaintiffs have sufficiently alleged a concrete and particularized injury-in-fact sufficient to satisfy Article III standing. As such, the Court lacks jurisdiction over these claims, and the cases are dismissed. For avoidance of doubt, the complaints are dismissed without prejudice….").

PAGE | **1** of **16**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

standing to seek redress for Hunstein-based claims in federal court – Defendant's Motion to Transfer pursuant to the "first-to-file" rule warrants denial because the first-to-file rule is not applicable to Plaintiff's case and, even if it was, compelling circumstances exist that warrant exception to the rule.

## 2. BACKGROUND & POSTURE

On June 19, 2021, Plaintiff sued Defendant in Miami-Dade County state court for violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA"). On August 4, 2021, Defendant removed Plaintiff's case to the Southern District of Florida. *See* D.E. 1. On August 19, 2021, Defendant filed the Motion to Transfer now pending before this Court. *See* D.E. 6.

## 3. LEGAL STANDARD

"The first-filed rule provides that when parties have instituted competing or parallel litigation in separate courts, the court initially seized of the controversy should hear the case." Collegiate Licensing Co. v. Am. Cas. Co. of Reading, Pa., 713 F.3d 71, 78 (11th Cir. 2013). The rule was developed because "competing lawsuits involving the same parties and the same issues in separate jurisdictions waste judicial resources and can lead to conflicting results." In re Checking Account Overdraft Litig., 859 F. Supp. 2d 1313, 1324 (S.D. Fla. 2012). "Applying the rule leads to a consideration of three factors: the chronology of the actions, the similarity of the parties, and the similarity of the issues." Mullen v. Nationstar Mortg., LLC, No. 20-CV-80165-ROSENBERG, 2020 U.S. Dist. LEXIS 131704, at *2-3 (S.D. Fla. July 21, 2020) (*citing* Zampa v. JUUL Labs, Inc., No. 18-25005, 2019 U.S. Dist. LEXIS 68556, 2019 WL 1777730, at *2 (S.D. Fla. Apr. 23, 2019).

PAGE | **2** of **16**

**LAW OFFICES OF JIBRAEL S. HINDI, PLLC**
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

"Nonetheless, the rule is not an absolute, mandatory, or inflexible requirement. Rather, courts have routinely cautioned against mechanical application of the first-to-file rule, and instead weigh the first-filed issue in the broader context of the ends of justice." Young v. W. Publ'g Corp., No. 09-22426-CIV-MORE, 2010 U.S. Dist. LEXIS 154665, at *4-5 (S.D. Fla. Jan. 6, 2010); *see e.g.*, Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93, 95 (9th Cir. 1982) ("first to file rule is not a rigid or inflexible rule to be mechanically applied, but rather is to be applied with a view to the dictates of sound judicial administration"); Barnett v. Alabama, 171 F. Supp. 2d 1292, 1296 (S.D. Ala. 2001) ("we are mindful that the rule is not meant to be rigid, mechanical or inflexible, but is to be applied in a manner that best serves the interests of justice").

"[I]t is appropriate to depart from the first-to-file rule when there is a showing that the balance of convenience tips in favor of the second forum or that there are special circumstances which justify giving priority to the second action." Savage v. Seterus, Inc., No. 2:19-CV-14256, 2020 U.S. Dist. LEXIS 6670, at *6-7 (S.D. Fla. Jan. 15, 2020) (*quoting* Womens's Choice Pharms., LLC v. Rook Pharms., Inc., No. 16-CV-62074, 2016 U.S. Dist. LEXIS 154820, 2016 WL 6600438, *5 (S.D. Fla. Nov. 8, 2016)).

"It is important to note that '[t]he most basic aspect of the first-to-file rule is that it is discretionary; and ample degree of discretion, appropriate for disciplined and experienced judges, must be left to the lower courts.'" Young, 2010 U.S. Dist. LEXIS 154665, at *5 (S.D. Fla. Jan. 6, 2010) (*quoting* Alltrade, Inc. v. Uniweld Products, Inc., 946 F.2d 622, 628 (9th Cir. 1991)).

### 4. ARGUMENT

**4.1   THE "FIRST-FILED" RULE DOES NOT APPLY**.

"In applying the first-to-file rule, judges are afforded an ample degree of discretion." Yao v. Ulta Beauty Cosmetics, LLC, No. 18-22213-CIV-ALTONAGA/Goodman, 2018 U.S. Dist.

LEXIS 219079, at *3-4 (S.D. Fla. Aug. 8, 2018) (*citing* Strother v. Hylas Yachts, Inc., No. 12-80283-CV, 2012 U.S. Dist. LEXIS 141692, 2012 WL 4531357, at *1 (S.D. Fla. Oct. 1, 2012)).

## CHRONOLOGY

As an initial matter, there is no dispute regarding the chronology of the two cases at issue. Indeed, the *nationwide* class action filed in the Eastern District of New York, *i.e.,* the Ciccone case, preceded the filing of the above-captioned case. As discussed below in more detail, the fact that a *nationwide* class action was filed in the Eastern District of New York is a curious circumstance because the Eastern District of New York has held that Hunstein claims, *i.e.*, claims based on the Eleventh Circuit Hunstein decision, are not redressable in federal court due to lack of standing. *See* In re FDCPA Mailing Vendor Cases, Civil Action No. 21-2312, 2021 U.S. Dist. LEXIS 139848, at *21-22 (E.D.N.Y. July 23, 2021)[4] (holding that, "[n]one of the plaintiffs have sufficiently alleged a concrete and particularized injury-in-fact sufficient to satisfy Article III standing. As such, the Court lacks jurisdiction over these claims, and the cases are dismissed. For avoidance of doubt, the complaints are dismissed without prejudice…."). This is, of course, *not* true in the Eleventh Circuit,[5] let alone the Southern District of Florida, as consumers within the Eleventh Circuit undeniability have Article III standing to pursue Hunstein-based claims. *See, e.g.,* Santiago v. MediCredit, Inc., Case 0:21-cv-61424-WPB (S.D. Fla. Aug. 12, 2021) (Dimitrouleas,

---

[4] Attached as Exhibit "A" is a copy of the full opinion.

[5] Hunstein, 994 F.3d 1341 at 1348 ("our holding here [is] that Hunstein has standing to sue … [because] Hunstein's claim, unlike the Trichell plaintiffs', arises under § 1692c(b) and bears a close relationship to a common-law tort."); *see also* Gissendaner v. Comm'r, Ga. Dep't of Corr., 779 F.3d 1275, 1284 (11th Cir. 2015) ("'District courts are, of course, bound by the law of their own circuit,' Zuniga v. United Can Co., 812 F.2d 443, 450 (9th Cir. 1987), '[u]ntil the Supreme Court issues a decision that actually changes the law,' this Court is 'duty-bound to apply' the Eleventh Circuit's 'precedent and to use it and any existing decisions of the Supreme Court' to adjudicate the claims.")

PAGE | **4** of **16**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

J.) ("In [Hunstein], a published decision binding on this Court, the Eleventh Circuit held that a violation of § 1692c(b) gives rise to a concrete injury in fact for Article III standing and that a debt collector's transmittal of the consumer's personal information to a third-party vendor for sending a dunning letter constituted a communication 'in connection with the collection of any debt' within the meaning of § 1692c(b).")

## OVERLAP OF PARTIES AND ISSUES

With respect to the remaining two components of the first-to-file rule, "[t]he parties and issues need not be identical; the proper inquiry is whether they substantially overlap." Savage v. Seterus, Inc., No. 2:19-CV-14256, 2020 U.S. Dist. LEXIS 6670, at *6 (S.D. Fla. Jan. 15, 2020).

Here, with respect to the parties, the *only* overlap is that of the defendant, *i.e.*, Cavalry Portfolio Services, LLC. Put differently, the only common party across the two cases is Defendant. Plaintiff is not party to the Ciccone case, nor is the second defendant of the Ciccone case, Cavalry SPV II, LLC, a party to the above-captioned action. Thus, the fact that only *one* party, *i.e.*, Defendant, is common, *some* overlap exists, but not the necessary substantial overlap.

With respect to the overlap between the claims of Plaintiff and the claims raised in Ciccone, indeed, a Hunstein-based claim exists in both Plaintiff's case and the Ciccone case. Beyond that single common claim, however, zero overlap exists between Plaintiff's case and the Ciccone case. With respect to Plaintiff's case, in addition to a Hunstein-based claim, Plaintiff further alleges violations of § 1692e, § 1692e(2)(A), § 1692e(5), and § 1692e(10) of the FDCPA, the likes of which exclusively arise from Defendant's failure to maintain a valid Consumer Collection Agency license with the Florida Department of State. *See, e.g.,* D.E. 10 at ¶ 41 (wherein Plaintiff alleges that "Defendant attempted to collect the [underlying debt] from Plaintiff by and through [a collection letter], and in so doing, Defendant engaged in activity which Florida requires licensure

to be valid and otherwise lawful; however, at all times relevant, Defendant did not possess or otherwise maintain a valid Consumer Collection Agency license with the Florida Department of State as required by Fla. Stat. § 559.553."); *see also* D.E. 10 at ¶¶ 34-43. These additional claims are entirely unique to Plaintiff's case and, critically, arise out of Defendant's failure to follow Florida law and, as such, resolution of these claims require consideration and application of Florida laws (Fla. Stat. § 559.553, § 559.5556, and § 559.556), Florida Administrative Code (Rule 69V-180-080 and Rule 69V-090), and Defendant's compliance therewith.

Although a *degree* of overlap exists between Plaintiff's case and the Ciccone case, substantial overlap *does not* exist. *See* Epler v. Air Methods Corp., No. 6:21-cv-461-PGB-DCI, 2021 U.S. Dist. LEXIS 104945, at *17 (M.D. Fla. June 4, 2021) ("Because the Court already determined that this action is not duplicative of any other pending lawsuit, the first-to-file rule is inapplicable."). Thus, in light of these considerations alone, the "first-to-file" rule does not apply and the Motion to Transfer should be denied.

**4.2    SPECIAL CIRCUMSTANCES AND THE BALANCE OF CONVENIENCE EACH JUSTIFY DEPARTURE FROM THE FIRST-TO-FILE RULE**

"[W]hile the forum where an action is first filed typically is given priority over subsequently filed actions, it is appropriate to depart from the general rule when *there is a showing that the balance of convenience tips in favor of the second forum* **or** that *there are special circumstances which justify giving priority to the second action*." Clinton v. Sec. Ben. Life Ins. Co., No. 19-24803-Civ-WILLIAMS/TORRES, 2020 U.S. Dist. LEXIS 42910, at *5 (S.D. Fla. Mar. 12, 2020) (emphasis added). Put differently, departure from the first-to-file rule is proper if either: [1] special circumstances exist; *or* [2] the balance of convenience tip in favor of the second forum. Further, "The first-filed rule is a rule of equity," Collegiate Licensing Co. v. Am. Cas. Co.

of Reading, 713 F.3d 71, 80 (11th Cir. 2013), and "[t]he grant of equitable relief is a matter of judicial discretion." Preferred Sites, LLC v. Troup Cty., 296 F.3d 1210, 1221 (11th Cir. 2002).

With respect to the present matter, *both* the "balance of convenience" tip in favor of this forum, *i.e.,* the Southern District of Florida, and special circumstances exist, whereby either of which deem departure from the first-to-file rule appropriate.

### BALANCE OF CONVENIENCE

Plaintiff is a Florida resident residing in Miami-Dade County, Florida. Plaintiff does not have any connection with New York, let alone the Eastern District of New York. Plaintiff is able to litigate this case before this Court without delay or prejudice, as the likelihood of Plaintiff's original case being removed to this Court was fully contemplated and understood as a possibility prior to filing the original complaint. In contrast, the possibility of Plaintiff's case being transferred to the Eastern District of New York was not anticipated by Plaintiff, as Plaintiff commenced an individual action against Defendant in Florida state court, whereby Plaintiff absolutely planned to *opt out* of any class action that sought to include Plaintiff as a class member. To the extent Plaintiff is forced to litigate this case in the Eastern District of New York, Plaintiff will suffer undue prejudice, as Plaintiff will be required to hire new counsel, of whom is barred in New York, as well as the Eastern District of Florida.[6] Further, Plaintiff will be required to travel to New York for hearings, mediation, and depositions, despite the fact that it was Defendant's intentional contact with Florida gave rise to Plaintiff's case.

Beyond having to litigate in a forum where Plaintiff has no connection, as well as the costs and burden of finding a lawyer that is willing to take this case on a contingency basis in New York, Plaintiff has plead claims that hinge entirely on Florida law, Florida administrative code, and

---

[6] Counsel for Plaintiff is not barred in New York or the Eastern District of New York.

Defendant's failure to adhere thereto. *See* D.E. 10 at ¶¶ 34-43. This is, of course, in addition to the fact that Hunstein is only binding within the Eleventh Circuit and that, to the extent Plaintiff's case is transferred to the Eastern District of New York, Plaintiff shall be entitled to seek a remand to Miami-Dade County state court, as the Eastern District of New York has already found that consumers, such as Plaintiff, lack Article III standing to pursue Hunstein-based claims. In re FDCPA Mailing Vendor Cases, 2021 U.S. Dist. LEXIS 139848, at *21-22 (E.D.N.Y. July 23, 2021) (holding that, "[n]one of the plaintiffs have sufficiently alleged a concrete and particularized injury-in-fact sufficient to satisfy Article III standing. As such, the Court lacks jurisdiction over these claims, and the cases are dismissed. For avoidance of doubt, the complaints are dismissed without prejudice….").

In comparison to Defendant – of whom is a nationwide debt collector that regularly avails itself to Florida by sending collection letters to Florida consumers – Plaintiff is an individual – of whom barely exceeds the national poverty income level – that chose to sue Defendant in Florida for, *among other things*, violations of Florida law. In further comparison to Defendant, Plaintiff had zero expectation that Plaintiff would be forced to litigate outside of Florida, whereas Defendant regularly sues, is sued, and otherwise litigates within the confines of Florida.[7] Although traditionally considered in the context of a motion to transfer under 28 U.S.C. § 1404(a), "[t]he first-filed rule is a rule of equity," Collegiate Licensing Co., 713 F.3d 71 at 80 (11th Cir. 2013), and, as such, Plaintiff's deliberate choice to sue Defendant, individually, in the State of Florida weighs *against* the transfer Defendant seeks. Norwegian Cruise Line Holdings, Ltd. v. Rivkees, No. 21-22492-CIV, 2021 U.S. Dist. LEXIS 148593, at *5-6 (S.D. Fla. Aug. 8, 2021) ("The

---

[7] Defendant has been involved in approximately 6,873 lawsuits within the State of Florida.

plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." (*quoting* Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. July 13, 1981))).

Thus, because the balance of convenience clearly tips in favor of this forum, deviating from the "first-to-file" rule and the denial of the Motion to Transfer is proper.

### SPECIAL CIRCUMSTANCES

The fallout of the transfer sought by Defendant commands consideration, particularly in light of the forward-looking, consequential nature of the "first-filed" rule. *See* Young, 2010 U.S. Dist. LEXIS 154665, at *7 ("The first-to-file rule … is essentially a forward-looking doctrine."). Here, Defendant seeks to transfer this case to the Eastern District of New York. Transferring Plaintiff's case to said district, in addition to causing the above-mentioned issues, will come at the expense of significant judicial resources. Women's Choice Pharm., LLC, No. 16-cv-62074-BLOOM/Valle, 2016 U.S. Dist. LEXIS 154820, at *4 (S.D. Fla. Nov. 7, 2016) ("'The primary purpose of the rule is to conserve judicial resources and avoid conflicting rulings.'" (*quoting* Allstate Ins. Co. v. Clohessy, 9 F. Supp. 2d 1314, 1316 (M.D. Fla.1998))).

Critically, as stated above, the forum where Defendant seeks to transfer Plaintiff's case has already determined that consumers, of which include Plaintiff, lack Article III standing to pursue Hunstein-based claims. *See* In re FDCPA Mailing Vendor Cases, Civil Action No. 21-2312, 2021 U.S. Dist. LEXIS 139848, at *21-22 (E.D.N.Y. July 23, 2021) (holding that, "[n]one of the plaintiffs have sufficiently alleged a concrete and particularized injury-in-fact sufficient to satisfy Article III standing. As such, the Court lacks jurisdiction over these claims, and the cases are dismissed. For avoidance of doubt, the complaints are dismissed without prejudice….").

Setting aside the fact that Defendant removed Plaintiff's case to federal court and, as a result, bears burden to establish Article III standing, Bowling v. United States Bank Nat'l Ass'n,

PAGE | **9** of **16**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

963 F.3d 1030, 1034 (11th Cir. 2020) ("On a motion to remand, the removing party shoulders the burden of establishing federal subject-matter jurisdiction."), the inability of the first-filed court to adjudicate the underlying claims commands deviation from the first-to-file rule. As opined by the Clinton court in the context of whether to apply the first-to-file rule:

> A persuasive case to consider is Judge Jordan's decision in South Fla. Infectious Diseases & Tropical Med. Ctr., LLC v. Healix Infusion Therapy, Inc., 2008 WL 11333648, at *1 (S.D. Fla. Mar. 10, 2008). There, the plaintiff sued the defendant in state court and the defendant removed the case to federal court. The defendant then filed a motion to stay pursuant to the first-filed rule because there was a related action pending in Texas state court. The district court found the defendant's request for a stay to be unpersuasive because the state court had dismissed the prior action for a lack of personal jurisdiction.

Clinton v. Sec. Ben. Life Ins. Co., 2020 U.S. Dist. LEXIS 42910, at *8 (S.D. Fla. Mar. 12, 2020) ("Defendant maintains, however, that the interests of comity and judicial economy support a temporary stay. But, Defendant's argument is not compelling because, unlike most cases where there are two pending district court cases, there is uncertainty as to how the Olges action (if it survives at all) will proceed if the Tenth Circuit reverses the district court's dismissal order.").

Here, to the extent the Motion to Transfer is granted, Plaintiff will be in a forum that considers Plaintiff to be without Article III standing, *see* In re FDCPA Mailing Vendor Cases, 2021 U.S. Dist. LEXIS 139848, at *21-22 (E.D.N.Y. July 23, 2021). Any meaningful litigation that *may* occur, whether in Plaintiff's case or in the Ciccone case, will be futile for lack of subject matter jurisdiction. In this light, transferring Plaintiff's case to the Eastern District of Florida will waste judicial resources and cause Plaintiff to suffer prejudice. This is, of course, in addition to the fact that transferring Plaintiff's case to a forum where Hunstein *is not* the law,[8] only to have it

---

[8] Hunstein is the law in the Southern District of Florida, whereby the same cannot be said for the Eastern District of New York. *See* Durling, No. 0:21-cv-61002-RS (S.D. Fla. July 8, 2021) (Smith,

remanded back, unfairly delays the prosecution of Plaintiff's case. *See* Durling v. Credit Corp Solutions, Inc., No. 0:21-cv-61002-RS (S.D. Fla. July 8, 2021) (Smith, J.) (further finding that, "[w]hile [Credit Corp Solutions] has argued that a stay would conserve resources and a decision in Hunstein might streamline the issues, neither of these considerations show any hardship or inequity. Additionally, a stay may prejudice [Durling] as witness' memories fade, documents are lost, and [Credit Corp Solutions] allegedly illegal conduct continues. Thus, [Credit Corp Solutions] has not met its burden of establishing that a stay is appropriate under these circumstances.").

Thus, these special circumstances, alone, justify deviating from the "first-to-file" rule and the denial of the Motion to Transfer.

### 4.3 COMPELLING CIRCUMSTANCES EXIST AND WARRANT EXCEPTION TO THE "FIRST-FILED" RULE APPLIES.

"Where the rule applies, the party objecting to jurisdiction in the first-filed forum carr[ies] the burden of proving 'compelling circumstances' to warrant an exception to the first-filed rule." Yao v. Ulta Beauty Cosmetics, LLC, No. 18-22213-CIV-ALTONAGA/Goodman, 2018 U.S. Dist. LEXIS 219079, at *3-4 (S.D. Fla. Aug. 8, 2018) (citation and internal quotations omitted). "'Compelling circumstances include bad faith negotiations, an anticipatory suit, and forum shopping.'" Clinton, No. 19-24803-Civ-WILLIAMS/TORRES, 2020 U.S. Dist. LEXIS 42910 at *5 (S.D. Fla. Mar. 12, 2020) (*quoting* Chaban Wellness Ltd. Liab. Co. v. Sundesa, Ltd. Liab. Co., No. 15-cv-21497, 2015 U.S. Dist. LEXIS 97511, at *6 (S.D. Fla. July 27, 2015)).

---

J.) ("Hunstein, 994 F.3d 1341 (11th Cir. 2021), is a published opinion. Pursuant to Eleventh Circuit Internal Operating Procedure – Circuit Rule 36, '[u]nder the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect the result.' Thus, the pending motion for rehearing *en banc* does not affect the precedential value of Hunstein, which is the law of this circuit.").

With respect to the exemplified compelling circumstances that warrant exception to the first-filed rule – *i.e.*, bad faith negotiations, anticipatory suit, and forum shopping – each exists and substantially overlap. The issues at bar in Plaintiff's case and the Ciccone case *do not*. As stated at the outset, Defendant seeks to transfer Plaintiff's case to the Eastern District of York because an uncertified nationwide class action – of which seeks to resolve all of Defendant's liability created in the wake of the Eleventh Circuit's opinion in Hunstein – was filed there first, *i.e.*, the Ciccone case. Armed with this prelude, the following objective facts illustrate the circumstances at play.

On April 21, 2021, the Eleventh Circuit birthed an entirely new, *albeit* fundamental, interpretation of 15 U.S.C. § 1692c(b) *via* the Hunstein decision, of which the court recognized would up-end the debt collection industry due to the industry's pervasive use of, for example, third-party letter vendors. *See* Hunstein, 994 F.3d 1341, 1352 (11th Cir. 2021) ("It's not lost on us that our interpretation of § 1692c(b) runs the risk of upsetting the status quo in the debt-collection industry. We presume that, in the ordinary course of business, debt collectors share information about consumers not only with dunning vendors like Compumail, but also with other third-party entities. Our reading of § 1692c(b) may well require debt collectors (at least in the short term) to in-source many of the services that they had previously outsourced, potentially at great cost.").

On April 30, 2021, the Ciccone case was filed in the Eastern District of New York, seeking to certify a *statewide* class action based on the Eleventh Circuit's decision in Hunstein.[9] On May 06, 2021, Defendant appeared in the Ciccone and, immediately thereafter, two things happened: One, an amended class action complaint, of which sought to certify a *nationwide* class, was filed,

---

[9] Attached as Exhibit "B" is a copy of the Ciccone docket (the "Ciccone Docket").

and two, a ***joint*** motion to appoint class counsel was filed. *See* Ciccone Docket at D.E. 4-5 and D.E. 8. Thereafter, on September 01, 2021, a hearing was held before the Magistrate Judge assigned to the case, at which "[t]he parties … expressed a desire to reach an amicable resolution of this case," Defendant agreed to produce a class list to facilitate *nationwide* settlement,[10] and the parties jointly sought to conduct mediation without delay. *See* Ciccone Docket at D.E. 14. Finally, on September 13, 2021, in light of the *joint* motion to appoint class counsel, the court appointed counsel for Ciccone as the interim class counsel. *See* Ciccone Docket at D.E. 15.

With these objective facts as a backdrop, Defendant now seeks to transfer Plaintiff's *individual* case to the Eastern District of New York – despite the issues concerning standing in the Eastern District of New York, despite the fact that Hunstein is an Eleventh Circuit opinion, and, critically, despite the fact that Defendant knows Plaintiff has *opted out* of the Ciccone case. These circumstances, coupled with that fact that Defendant has repeatedly shown *zero interest* in settlement of Plaintiff's *individual* case, but having "expressed a desire to reach an amicable resolution" in the Ciccone case, evidence bad faith negotiations, the anticipatory nature of the nationwide class action, and forum shopping.

With respect to bad faith negotiations, public record reveals that Defendant is willing to settle, on a nationwide basis, in a district that lacks subject matter jurisdiction. In Plaintiff's case, however, Defendant has shown no interest in settlement and, instead, causes counsel for Plaintiff to expend reasonable attorneys fees that far outstrip the statutory damages sought by Plaintiff. *See* 15 U.S.C. § 1692(a)(3) ("in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court"); 15 U.S.C. § 1692k(a)(2)(A) (limiting statutory damages to $1,000); *but see* 15 U.S.C. §

---

[10] Counsel for Plaintiff was present at this hearing as an interested party.

1692k(a)(2)(B) (limiting the size of any class-based settlement fund to the lesser of $500,000 or 1% of a defendant's net worth).

With respect to the exemplified compelling circumstances of "forum shopping" and "anticipatory suit," Defendant seeks, and will gain, undue advantage by litigating Plaintiff's case *outside* the Eleventh Circuit where Hunstein *is not* the law. See Durling, No. 0:21-cv-61002-RS (S.D. Fla. July 8, 2021) (Smith, J.) ("Hunstein, 994 F.3d 1341 (11th Cir. 2021), is a published opinion. Pursuant to Eleventh Circuit Internal Operating Procedure – Circuit Rule 36, '[u]nder the law of this circuit, published opinions are binding precedent. The issuance or non-issuance of the mandate does not affect the result.' Thus, the pending motion for rehearing *en banc* does not affect the precedential value of Hunstein, **which is the law of this circuit**." (emphasis added)).

Pointly, what seems to be the case here, as has been the pattern by many defendants facing Hunstein claims, is that Defendant is seeking to stall the prosecution of cases brought in this circuit by any means necessary in hopes that Hunstein is re-heard and overturned. See Keohane v. Fla. Dept. of Corr. Sec'y, 981 F.3d 994, 995 (11th Cir. 2020) (W. Pryor, J., respecting the denial of rehearing *en banc*) ("The grant of *en banc* review is and should be rare. The Federal Rules of Appellate Procedure say so: 'An *en banc* hearing or rehearing is not favored . . . .' Fed. R. App. P. 35(a)."). Simply put, Defendant is seeking to put Plaintiff's prudently filed case behind the eight-ball by transferring Plaintiff's case to a district that Defendant knows is without subject matter jurisdiction, only for Plaintiff' case to return to Miami-Dade County state court over the course of several months after motion practice litigating standing.  Defendant is bad-faith forum-shopping to avoid the *binding* nature of Hunstein by transferring Plaintiff's case to a district that has declined to follow Hunstein. See In re FDCPA Mailing Vendor Cases, 2021 U.S. Dist. LEXIS 139848, at

PAGE | **14** of **16**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

*22 ("Hunstein, though instructive, is not binding upon this Court, as the Second Circuit has not spoken on this theory.").

Few, if any, scenarios exist that are more prejudicial than forcing Plaintiff to move *from* a forum where Plaintiff's claim is recognized, both jurisdictionally and substantively, to a jurisdiction that recognizes neither. Thus, not only do compelling circumstances exist, thereby warranting exception to the first-to-file rule, but in light of the equitable nature of the first to file rule and Defendant's bad-faith tactics, the transfer sought by Defendant disproportionately benefits Defendant and unfairly prejudices Plaintiff. As such, the Motion to Transfer warrants prompt denial by this Court.

### 5.     CONCLUSION & REQUEST FOR HEARING

For the reasons stated above, Plaintiff, respectfully, asks that this Court *deny* Defendant's Motion to Transfer Pursuant to the "First-Filed" Rule [D.E. 6] and allow the prosecution Plaintiff's case to proceed in this district without delay – or, in the alternative, set this matter for hearing so that any issues or concerns had by this Court can be addressed more freely.

Dated: September 16, 2021

Respectfully Submitted,

 /s/ Thomas J. Patti
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:   jibrael@jibraellaw.com
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:   tom@jibraellaw.com
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:       855-529-9540

*COUNSEL FOR PLAINTIFF*

PAGE | **15** of **16**

LAW OFFICES OF JIBRAEL S. HINDI, PLLC
110 SE 6th Street, 17th Floor | Ft. Lauderdale, Florida 33301 | Phone (954) 907-1136 | Fax (855) 529-9540
www.JibraelLaw.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 16, 2021, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377